UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 15-10338-FDS |
| CARLOS MELARA, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

**SAYLOR, C.J.**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Petitioner Carlos Melara seeks to vacate his conviction and sentence for RICO conspiracy involving murder on two grounds. First, Melara contends that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Second, Melara contends that his 2018 plea was involuntary in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). This Court, however, will not reach the merits of either of the substantive grounds for relief because the petition is time-barred. Accordingly, and for the reasons set forth below, the motion will be denied.

**I.      Background**

      **A.      Factual Background**

The following facts are taken from the October 1, 2018, sentencing hearing and the Presentence Investigation Report ("PSR"), unless otherwise noted. *See United States v. Connell*,

960 F.2d 191, 192-93 (1st Cir. 1992); *United States v. Garcia*, 954 F.2d 12, 14 (1st Cir. 1992).

Melara was a member of the Everett Locos Salvatrucha ("ELS") clique of MS-13, a transnational criminal organization operating in the United States. (PSR ¶ 22). On September 7, 2015, Melara participated in the murder of Wilson Martinez, a 15-year-old boy, in East Boston, who MS-13 suspected was a member of the rival 18th Street gang. (*Id.* ¶¶ 26-27). Melara and three other gang members formulated a plan to lure and kill Martinez at Constitutional Beach. (*Id.* ¶ 26). To lead Martinez to the beach, Melara pretended to be a family member of a girl that Martinez was planning to meet that night for a date. (*Id.* ¶ 32). Once Melara and Martinez arrived at the beach, the group attacked him. (*Id.* ¶ 33). Two members of the group stabbed Martinez, while Melara and another member punched and kicked him. (*Id.* ¶ 34). As the group began to leave the crime scene, Martinez attempted to stand up, which caused the group to return and stab him again. (*Id.* ¶ 35). Melara stabbed Martinez multiple times in the chest. (*Id.* ¶ 36). The group left Martinez bleeding to death on the beach. (*Id.*).

    **B.**    **Procedural Background**

On May 15, 2017, a federal grand jury returned a fifth superseding indictment against Carlos Melara and dozens of leaders, members, and associates of the MS-13 gang. The indictment charged, among other things, conspiracy to conduct enterprise affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). On March 30, 2018, Melara pleaded guilty to Count 2, the racketeering conspiracy charge. His underlying racketeering activity involved murder.

On October 1, 2018, the Court sentenced Melara to a term of 432 months followed by supervised release for a term of five years. His conviction became final on October 16, 2018. On May 24, 2021, Melara filed this motion to vacate his sentence under 28 U.S.C. § 2255.

## II.     Analysis:

### A.     Timeliness of Motion

Congress has established a one-year period of limitation governing motions for relief under § 2255.  28 U.S.C. § 2255(f).  The one-year period runs from the latest of one of four dates.  *Id*.  These four dates include:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

As to prong one, a judgment of conviction becomes final when the time to file a notice of appeal expires.  *See, e.g., Ferguson v. United States*, 2018 WL 443444, at *3 (D. Mass. Jan. 16, 2018) ("Because petitioner never appealed to the First Circuit, his conviction became final . . . 14 days after the entry of judgment.") (citing Fed. R. App. P. 4(b)(1)(A)(i)).  Petitioner's conviction became final on October 16, 2018, two weeks after the Court sentenced him on October 1, 2018.  *See* Dkt. No. 2751.  He filed this motion on May 24, 2021, more than two and a half years after his judgment became final.  *See* Dkt. No. 3196.  Therefore, the motion is untimely under the first prong of § 2255(f)(1) by more than a year and a half.  *See* 28 U.S.C. § 2255(f)(1).

As to prong two, petitioner does not contend that governmental action created an impediment to making this motion.  Therefore, the second prong of § 2255(f) is not relevant.

As to the third prong, petitioner contends that he did not file this motion within the

3

limitations period for two reasons. First, he contends that he was unaware of the holding in *Burrage v. United States*, 571 U.S. 204 (2014), until 2021. Second, he contends that the Supreme Court did not decide *United States v. Davis*, 139 S. Ct. 2319 (2019), until after his sentencing. *Burrage* was decided on January 27, 2014, and *Davis* was decided on June 24, 2019. Assuming the holdings in either *Burrage* or *Davis* created a "newly recognized right" by the Supreme Court and that right was made retroactively applicable to cases on collateral review, the latest conceivable deadline to file any claim under § 2255(f)(3) passed on June 24, 2020. Therefore, his motion is untimely under the third prong of § 2255(f)(3) by almost one year. *See* 28 U.S.C. § 2255(f)(3).

As to prong four, even if this Court is to assume that the holdings in *Burrage* or *Davis* presented new "facts" supporting petitioner's claim, he would have needed to file a motion by June 24, 2020. Therefore, petitioner's motion is also untimely under § 2255(f)(4). *See* 28 U.S.C. § 2255(f)(4).

### 1. **Equitable Tolling**

A court may extend the one-year limitation filing period under a theory of equitable tolling. A petitioner bears the burden of demonstrating the basis for equitable tolling by making two showings: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstance stood in his way and prevented him from timely filing." *Figueroa v. United States*, 2012 WL 6626646, at *3 (D. Mass. Dec. 18, 2012) (quoting *Ramos-Martinez v. United States*, 638 F. 3d 315, 322-23, 325 (1st Cir. 2011)). No such equitable tolling is warranted here.

As an initial matter, petitioner has failed to demonstrate that he had been pursuing his rights diligently. *Burrage* was decided in 2014, seven years prior to the petition being filed. *Davis* was decided on June 24, 2019, almost two years prior to the filing of this petition. He has made no showing that he made diligent efforts during that time period to learn about those cases

or their potential impact on his conviction or sentence.

As to "extraordinary circumstances," petitioner contends that he was unable to file this motion on time because his access to the law library was restricted from January 2020 until March 2021 due to the COVID-19 pandemic. (Mot. to Vacate at 12). But the COVID-19 pandemic is not an adequate excuse for an untimely filing if a petitioner has not sought an extension or shown a specific difficulty to submit a timely filing. *See Hisert v. Blue Waters Dredging, LLC et al.*, 2021 WL 1178301, at *1 n.1 (D. Mass. Mar. 29, 2021) (noting that the First Circuit dismissed a cross-appeal on timeliness grounds even though plaintiff contended that the COVID-19 pandemic justified his untimely filing, because he "did not seek an extension [of time to file] in the district court" and "has not shown any specific impediment to timely filing that would warrant equitable relief"). Here, petitioner did not seek an extension, and he has not shown any specific impediment that prevented him from timely filing; rather, he makes a generalized claim about restricted access to the law library due to the pandemic.

More importantly, the time to file absent tolling (that is, one year from the time the judgment of conviction became final) expired in October 2019, three months prior to the pandemic shutdown. And as to the Supreme Court holding in *Davis*, petitioner had approximately eight months to consider the holding of that case and make a timely filing before any lockdowns due to the pandemic began.[1] Petitioner did not file an extension during that period, and he has also failed to make any showing that he had been pursuing his rights diligently during that time. *See, e.g., Mack v. Alves*, 2022 WL 623734, at *2 (D. Mass. Mar. 2, 2022) (declining to apply equitable tolling to habeas petition despite COVID-19 restrictions because petitioner failed to show why he was unable to file his petition during the initial months of the

---

[1] *Davis* was decided on June 24, 2019, and lockdowns due to the pandemic did not begin until March 2020.

limitation period before COVID-19 restrictions were imposed). In the complete absence of any such showing, there is no basis to conclude that equitable tolling should apply.

In summary, the petitioner filed the motion to vacate outside the relevant time period and cannot show that the limitation period should be extended based on equitable tolling. The claims are therefore time-barred and the motion to vacate will be denied.

### III.  Conclusion

For the foregoing reasons, petitioner's motion to vacate is DENIED.

**So Ordered.**

Dated: April 19, 2022

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court